SAMUEL LOUIS AND CHARLES LOUIS, PARTNERS, v. PAUL KASKEL.

A sheriff, who in answer to a rule to bring in the body of a defendant, returns that he discharged the defendant from custody upon his giving bond and complying with the requirements of the Insolvent Debtors' act, will not be amerced.

Kaskel, the defendant, was arrested by the sheriff of Middlesex county, by virtue of a writ of *capias ad respondendum.* He was admitted to bail by the sheriff on the 14th day of December, 1885. He failed to put in special bail, and on January 2d, 1886, the sheriff was ruled to bring in the body of the defendant, so as to have it before the court on January 18th, 1886.

The sheriff, on June 7th, returned the rule with the following endorsement:

"The said defendant having made out and delivered to me a true and perfect inventory, under oath, of all his goods and chattels, rights and credits, lands, tenements, hereditaments and real estate, and having also given bond to the plaintiff with sufficient security, with such condition as is required by the act entitled 'An act for the relief of persons imprisoned on civil process, approved March 27th, 1874,' I therefore, in pursuance of the provisions of the said act, discharge the defendant from custody, and do forthwith return the same with the said bond and inventory.

"Dated May 7th, 1886.

"PATRICK CONVERY,
"*Sheriff.*

"Returnable January 18th, 1886."

On January 27th, a rule was entered that the sheriff show cause before this court why he should not be amerced in any sum not exceeding the plaintiff's debt, with costs.

Argued at February Term, 1886, before Justices DEPUE, DIXON and REED.

For the rule, *James S. Wight.*

*Contra, Robert Adrain.*

The opinion of the court was delivered by

REED, J.   The rule upon the sheriff to show cause why he should not be amerced was taken under the provisions of section 77 of the Practice act. *Rev., p.* 861. It provides that if on a return that he hath taken the body or C. C., the sheriff or other officer shall not return bail and a copy of the bail-bond, or if the plaintiff be dissatisfied with the bail taken by such sheriff or other officer, and the defendant shall fail to appear and give special bail within the time prescribed, the court or a judge shall order by a rule of court such sheriff or officer to bring in the body of the defendant at a certain time in said rule specified; and if said sheriff or officer fail to do so he shall be amerced by the court at the next term in any sum not exceeding the plaintiff's debt or demand, with costs.

As already appears, the plaintiff did not take an assignment of the bail-bond taken by the sheriff, and the defendant did not appear and give special bail at the prescribed time, and the sheriff, when ruled to bring in the body, failed to do so.

He rests his defence to the rule for amercement upon his discharge of the defendant in accordance with the requirements of section 2 of the act for the relief of persons imprisoned on civil process. *Rev., p.* 497.

This is the language of that section: " Any person or persons who may be arrested or held in custody by any sheriff or other officer in any civil action upon mesne process or processes of execution or upon an attachment for not performing an award, or who may be surrendered in discharge of his or their bail, shall be discharged from arrest or custody of such officer," provided he shall do certain things which were done by the present defendant before his discharge. The question mooted is whether the return of the sheriff shows a sufficient

excuse for not bringing in the body in accordance with the provisions of section 77 of the Practice act.

The provision contained in section 77 is substantially the twenty-sixth section of the act of 1879, drawn by Judge Paterson, and found in his Revision. The practice relative to bail before that act was passed was that of the Court of King's Bench.

This was asserted in the case of *Armstrong* v. *Davis, Coxe* 110, decided in the year 1791. In drafting the statute Judge Paterson was guided by the practice of that court. *Parker* v. *Ogden, Penn.* 147.

In the interpretation of the statute, then, we are to read it in connection with the practice of the Court of King's Bench, which the act was intended to codify.

The course of procedure in the several English courts varied somewhat in details, but were substantially identical.

It was well settled that upon the issuance of a *capias ad respondendum* to the sheriff he was required by statute to take bail if responsible sureties were offered, and if such security was not preferred he was required to take the defendant into actual custody.

After the sheriff had discharged the defendant upon bail, his control over the person of the defendant ceased.

The bail so taken was to the sheriff, and that officer was responsible for the appearance of the defendant upon the return of the writ. This responsibility was ended if the defendant did one of two things, either rendered himself and was accepted by the sheriff before the return day of the writ, or appeared within a stipulated time and gave special bail.

As already appears, the *cap. ad res.* was in the present case returned C. C., which meant that the defendant had given bail to the sheriff, and the defendant did not put in special bail upon the return of the writ. A rule was taken upon the sheriff to bring in the body of the defendant.

Under the practice of the Court of King's Bench, the rule itself conferred no power upon the sheriff over the person of the defendant. It was intended to fix the liability of the

sheriff for his failure to have the defendant in court at the time of the return of the writ or the failure to put in special bail.   It was a warning to the sheriff to the effect that inasmuch as he had returned the defendant in custody he should bring him into court within a specified time or proceedings would be taken against him for his default.

He could answer the rule by bringing the body into court or by putting in special bail.   1 *Tidd's Prac.* 311.

While he had no power to arrest the defendant, there were methods provided by which he could obtain the custody of the body.

He could put in special bail himself without defendant's consent, and the sureties could immediately surrender the defendant, and these sureties might do this without having justified.   *Berchere* v. *Colson*, 2 *Str.* 876 ; *Watson on Sheriffs* 120.

The sureties on the bail to the sheriff having no power to render their principal (1 *Chit.* 329 *n.*), could also put in special bail, either before or after the return of the *cap. ad res.* (but not before the return under our statute), for the purpose of having the latter sureties surrender the defendant. *Petersdorf on Bail* 283 ; 1 *Tidd's Prac.* 248.

Such surrender relieved the sureties upon the bail-bond to the sheriff from responsibility, as the surrender of the principal is considered equivalent to putting in special bail. *Petersdorf on Bail* 397.

Therefore the sheriff should, as soon as he is served with the rule to bring in the body, give notice thereof to the bail and to the defendant, in order that bail may be put in and perfected or the defendant may be rendered in discharge of his bail, which being done, the rule is complied with. *Watson on Sheriffs* 121.

So it is perceived that when the rule has been taken upon the sheriff, and he has not the body in actual custody, either he or the bail to the sheriff or the defendant can put in and perfect special bail, and this is an answer to the rule.   Or either the sheriff or the bail to him can put in special bail, who can at once surrender the defendant into the custody of

the sheriff, who can return the body into court, which is also an answer to the rule. He is not, however, bound to bring the defendant actually into court. If he show that he is in custody, it is sufficient. *Macleed* v. *Marsden, Barnes* 32.

It is perceived, therefore, that it is possible for the sheriff to have had the body in custody upon the return of the rule, either by an accepted surrender of the defendant by his own act before the return of the *cap. ad res.* (*Florence* v. *Shumar*, 5 *Vroom* 455), or by a surrender by special bail put in by the sheriff or the bail below at any time before the return of the rule.

In the first instance, the defendant would have been in custody under mesne process, and in the second, by surrender in discharge of his sureties, both of which junctures of affairs are mentioned in the second section of the Insolvent Debtors' act as conditions upon the existence of which a person can seek his discharge under the act.

The return of the sheriff is, in effect, that he had the defendant in custody in the course of the proceeding set on foot to secure the defendant's presence to answer the action against him, and that being so held in custody the defendant complied with all the formalities requisite to entitle him to his discharge.

In exercising the power to amerce the sheriff in the amount of the plaintiff's claim it should be clear that he has been in default. His return presents, if true (and we must assume its truth), a legal excuse for failing to have the defendant in court on the return day of the rule, and the rule to show cause why the officer should not be amerced is discharged.